**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

El, Souradji Tunkashila,

      Plaintiff,

v.

Baxter Credit Union,

      Defendant.

No. 26-cv-320 (KMM/DTS)

**ORDER**

---

Plaintiff El, Souradji Tunkashila commenced this lawsuit on January 14, 2026, asserting claims under the Truth in Lending Act[1] (TILA) against Defendant Baxter Credit Union (Baxter). Mr. Tunkashila subsequently amended his pleading, and the Second Amended Complaint is now the operative complaint. (Second Am. Compl., Dkt. 18.) Baxter now moves to dismiss that pleading because Mr. Tunkashila's TILA claims are barred by the applicable one-year statute of limitations. Because Mr. Tunkashila's claims are clearly time-barred, Baxter's motion to dismiss is granted.

## BACKGROUND

On two separate occasions, in May 2017 and again in June 2021, Mr. Tunkashila applied for a consumer credit card from Baxter. (Second Am. Compl. ¶¶ 5–10.) Baxter approved both applications and "issued the accounts." (*Id.* ¶ 11.) However, when Mr. Tunkashila applied for those credit cards, Baxter failed to disclose "material credit

---

[1] The Second Amended Complaint cites Public Law 90-321 § 130(a), the session law for the Truth in Lending Act. TILA is now codified at 15 U.S.C. § 1601 *et seq.*

1

terms, including . . . the Annual Percentage Rate (APR), finance charge, method of determining the balance upon which finance charges would be imposed, and other material terms required for the informed use of credit." (*Id.* ¶ 14.) Baxter did not provide Mr. Tunkashila a card-member agreement that disclosed the material credit terms until after he had agreed to open the credit card accounts. (*Id.* ¶¶ 15–17.) Nonetheless, Mr. Tunkashila "performed under the terms of the agreements associated with the accounts through May 2025." (*Id.* ¶ 19.) Finally, Mr. Tunkashila alleges:

> 20. [He] did not discover and could not have discovered through the exercise of reasonable diligence, the absence of required disclosures until on or about 2025.
>
> 21. Upon discovery, [Mr. Tunkashila] requested from [Baxter] copies of the original applications and any documentation proving that the required disclosures were provided prior to consummation of the transactions; [Baxter] failed to provide any such documentation and failed to prove that any required disclosures were made prior to consummation.

(*Id.* ¶¶ 20–21.)

Mr. Tunkashila claims that Baxter violated TILA in connection with both the 2017 and 2021 credit card accounts by failing to disclose the material credit terms prior to opening the accounts. (*Id.* ¶¶ 22–31.) He asserts that Baxter is liable to him for statutory and other damages under 15 U.S.C. § 1640(a). (*See id.* ¶¶ 26, 31; *id.* at 3 (Prayer for Relief ¶ B).) Baxter moves to dismiss the Second Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 19.) Baxter argues that Mr. Tunkashila's TILA claims fail as a matter of law because, on the face of the

2

complaint, his claims are plainly barred by the applicable one-year statute of limitations. (Dkt. 22 at 4–8.)

## DISCUSSION

### I.    Rule 12(b)(6) Standard

To survive Baxter's Rule 12(b)(6) motion to dismiss, Mr. Tunkashila's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard does not require the inclusion of detailed allegations in a pleading, but the complaint must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In applying this standard, the Court must assume the facts in the complaint are true and take all reasonable inferences from those facts in the light most favorable to Mr. Tunkashila. *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019). But the Court need not accept as true any wholly conclusory allegations or legal conclusions. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

Mr. Tunkashila is representing himself in this litigation, and courts apply "less stringent standards [to *pro se* complaints] than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); citing Fed R. Civ. P. 8(f)). Giving *pro se* complaints a liberal construction means that "[i]f the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to

be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But Mr. Tunkashila must nonetheless allege sufficient facts to support his claims. *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914). Courts do not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 915.

## II.    Analysis

Determining whether Mr. Tunkashila's Second Amended Complaint states a TILA claim begins with the relevant statutory provisions. In 1968, Congress enacted TILA as part of the Consumer Credit Protection Act. TILA's purpose is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a); *see Chase Bank USA, N.A. v. McCoy*, 562 U.S. 195, 198 (2011) ("Congress passed TILA to promote consumers' informed use of credit by requiring meaningful disclosure of credit terms[.]") (internal quotations omitted).

Mr. Tunkashila alleges that he opened two Baxter credit card accounts, which are what TILA refers to as "open end consumer credit plan[s]." 15 U.S.C. § 1602(j) (explaining that this term refers to "a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance"). TILA requires a creditor, like Baxter, to make certain disclosures to a consumer, like Mr. Tunkashila, in connection with open end consumer

credit plans. *See* 15 U.S.C. § 1631(a) ("[A] creditor . . . shall disclose to the person who

is obligated on . . . a consumer credit transaction the information required under this

subchapter."). For example, the statute provides:

> Before opening any account under an open end consumer credit plan, the creditor shall disclose to the person to whom credit is to be extended each of the following items, to the extent applicable:
>
> (1) The conditions under which a finance charge may be imposed, including the time period (if any) within which any credit extended may be repaid without incurring a finance charge, except that the creditor may, at his election and without disclosure, impose no such finance charge if payment is received after the termination of such time period. If no such time period is provided, the creditor shall disclose such fact.
>
> (2) The method of determining the balance upon which a finance charge will be imposed.
>
> (3) The method of determining the amount of the finance charge, including any minimum or fixed amount imposed as a finance charge.
>
> (4) Where one or more periodic rates may be used to compute the finance charge, each such rate, the range of balances to which it is applicable, and the corresponding nominal annual percentage rate determined by multiplying the periodic rate by the number of periods in a year.
>
> (5) Identification of other charges which may be imposed as part of the plan, and their method of computation, in accordance with regulations of the [Consumer Financial Protection] Bureau.

15 U.S.C. § 1637(a)(1)–(5); *see also* 15 U.S.C. § 1637(c)(1) (requiring certain disclosures

when any credit card application is mailed to a consumer).

TILA also provides that creditors are civilly liable for failing to comply with the statute's requirements. 15 U.S.C. § 1640(a). This liability can include actual damages caused by the creditor's non-compliance. *Id.* § 1640(a)(1). In the case of an individual action involving an open end consumer credit plan that is not secured by real property or a dwelling, like the Baxter credit card accounts at issue here, a creditor who violates TILA's requirements is liable to the consumer for "twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5,000, or such higher amount as may be appropriate in the case of an established pattern or practice of such failures[.]" *Id.* § 1640(a)(2)(iii).

But a claim against a creditor for violating TILA's disclosure requirements is subject to a statute of limitations. Such a claim must be filed "within one year from the date of the occurrence of the violation[.]" 15 U.S.C. § 1640(e). The one-year period begins when the parties' contract extending credit to the borrower is formed. *Dryden v. Lou Budke's Arrow Finance Co.,* 630 F.2d 641, 646 (8th Cir. 1980); *Mount v. LaSalle Bank Lake View*, 886 F. Supp. 650, 651 (N.D. Ill. 1995) ("A credit transaction is consummated for the purposes of TILA when the consumer becomes contractually obligated on a credit transaction."); *In re Buckles*, 189 B.R. 752, 763 (Bankr. D. Minn. 1995) (same).

Baxter argues that Mr. Tunkashila's TILA claims should be dismissed because he did not file this case within one year of the date when the alleged violation occurred. "[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Jessie v.*

6

*Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008) (citing *Varner v. Peterson Farms*, 371 F.3d 1011, 1017–18 (8th Cir. 2004)). That is so because a claim that an action is barred by a statute of limitations is "an affirmative defense, which the defendant must plead and prove." *Id.* To dismiss a complaint on statute-of-limitations grounds, the face of the pleading must "clearly indicate that the claims are untimely." *Doe v. Anoka Cnty.*, No. 21-cv-2649 (ECT/TNL), 2025 WL 756449, at *7 (D. Minn. Mar. 10, 2025) (cleaned up), *appeal filed,* No. 25-1568 (8th Cir. Mar. 21, 2025).

Unfortunately for Mr. Tunkashila, however, the Second Amended Complaint itself establishes the statute-of-limitations defense. The violations at issue here occurred in May 2017 and June 2021 because that is when Mr. Tunkashila alleges that he opened two Baxter credit card accounts and Baxter failed to make required disclosures. Therefore, Mr. Tunkashila had until May 2018 to file one of his TILA claims and until June 2022 to file the other. He did not commence this case until January 14, 2026, so the face of the operative pleading makes it plain that his TILA claims are time-barred.

When a claim in a complaint appears to be untimely, a plaintiff may avoid dismissal if there is a basis to toll the statute of limitations. *Doe*, 2025 WL 756449, at *7. Courts have found the statute of limitations on a TILA claim may be tolled with a showing that a defendant engaged in concealment or fraud. *McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578, 587 (E.D.N.Y. 2005); *Evans v. Rudy-Luther Toyota, Inc.*, 39 F. Supp. 2d 1177, 1184–85 (D. Minn. 1999) (finding on summary judgment that plaintiff failed to demonstrate circumstances that would justify application of equitable tolling); *see also Jones v. TransOhio Savings Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984) (holding

7

that equitable tolling applied to a TILA claim and reversing dismissal where the complaint alleged fraudulent concealment). But "when a plaintiff fails to allege any facts demonstrating the TILA violations alleged could not have been discovered by due diligence during the one-year statutory period, equitable tolling should not be applied and dismissal at the pleading stage is appropriate." *Sullivan v. JP Morgan Chase Bank, NA*, 725 F. Supp. 2d 1087, 1092 (E.D. Cal. 2010) (citing *Meyer v. Ameriquest Mortg. Co.,* 342 F.3d 899, 902 (9th Cir. 2003)); *see also Joseph v. Bank of Am., N.A.*, No. 25-cv-893 (PJS/DLM), 2026 WL 1045256, at *5–6 (D. Minn. Jan. 16, 2026) (dismissing TILA claim as time-barred where the plaintiff failed to allege facts showing any concealment or fraud by the defendant), *R&R adopted in relevant part and modified in part by* 2026 WL 633264 (D. Minn. Mar. 6, 2026).

Mr. Tunashila argues that the question whether the statute-of-limitations should be equitably tolled turns on fact issues that should not be resolved on a motion to dismiss. (Pl.'s Opp'n Mem. at 2–3, Dkt. 26.) That may be so in situations where a plaintiff asserts facts in the complaint that could justify the application of equitable tolling to a statute-of-limitations defense. *See, e.g.*, *In re Dividend Solar Fin., LLC*, No. MDL 24-3128 (KMM/DTS), 2025 WL 2430484, at *7–8 (D. Minn. Aug. 22, 2025) (finding that the complaint alleged enough facts to invoke equitable tolling of arguably time-barred TILA claims at the motion-to-dismiss stage). But here, the Second Amended Complaint does not do so. Mr. Tunkashila alleges no facts demonstrating that Baxter engaged in fraud or concealment preventing Mr. Tunkashila from bringing his TILA claims within the one-year limitations period. At most, he makes the conclusory assertion that he could not have

8

discovered, in the exercise of reasonable diligence, Baxter's failure to make the required disclosures until 2025. (Second Am. Compl. ¶ 20.) But he doesn't explain why this is true. That is not enough to defeat a statute-of-limitations defense on a motion to dismiss. There are no suggestions of concealment or fraud in the operative complaint. *See Joseph*, 2026 WL 1045256, at \*6 (finding the plaintiff's TILA claim time-barred on a motion to dismiss where the plaintiff "allege[d] no concealment or fraud to exempt him from TILA's statute of limitations").

Mr. Tunkashila further argues that his claims are not time barred because if Baxter provided the disclosures at all, they "were embedded within post-approval agreements and multi-page documents furnished only after Plaintiff had already become obligated." (Pl.'s Opp'n Mem. at 3.) Thus, he appears to argue that Baxter's untimely and inconspicuous disclosure of the information required by TILA provides a basis on which to equitably toll the limitations period. But he cannot "rely on the same factual allegations that would establish the statutory violation to invoke equitable tolling." *Enriquez v. Countrywide Home Loans, FSB*, 814 F. Supp. 2d 1042, 1058 (D. Haw. 2011) (collecting cases); *Evans*, 39 F. Supp. 2d at 1184 (explaining that equitable tolling requires "fraudulent conduct[] beyond the nondisclosure itself") (collecting cases). That is what Mr. Tunkashila attempts to do here—he claims that Baxter violated TILA by failing to disclose the information required by the statute and that the limitations period should be tolled based on that very same nondisclosure. As a result, Baxter's alleged failure to make the required disclosures does not toll the relevant statute of limitations. And even if Baxter's post-commitment disclosure could toll the statute of limitations, at

most it would do so by the few days or weeks between Mr. Tunkashila opening the credit card and receiving the documents, not by the four or eight years at issue here.

Finally, Mr. Tunkashila indicates that he became aware of the fact that Baxter did not provide the disclosures required by law "only upon later study of the statutory requirements in or about 2025." (Pl.'s Opp'n Mem. at 3.) Thus, he appears to argue that his claims should be treated as timely because he only just learned that Baxter's alleged conduct violates TILA's disclosure requirements. Unfortunately for Mr. Tunkashila, however, the fact that he did not know about TILA's disclosure requirements until 2025 does not provide a basis to equitably toll the statute of limitations. *See Barnes v. West, Inc.*, 243 F. Supp. 2d 559, 564–65 (E.D. Va. 2003) ("Simply put, defendant concealed no facts from plaintiff and, by her own account, the delay in filing the TILA claim is attributable to her ignorance of the law, not to any affirmative act of concealment by defendant. In these circumstances, equitable tolling is inapplicable."); *Valdez v. America's Wholesale Lender*, N. C 09-02778 JF (RS), 2009 WL 5114305, at *6 (N.D. Cal. Dec. 18, 2009) (same); *Brewer v. Bank of Am., N.A.*, No. 4:13-cv-638, 2015 WL 123775, at *4 (E.D. Tex. Jan. 7, 2015) ("Ignorance of the law or of statute of limitations is insufficient to warrant tolling." (quoting *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000))).

For these reasons, Mr. Tunkashila's TILA claims are barred by the applicable statute of limitations, and his complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

### ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED THAT:**

1. Defendant's motion to dismiss (Dkt. 19) is **GRANTED**.

2. Plaintiff's Second Amended Complaint (Dkt. 18) is **DISMISSED WITH PREJUDICE**.

**Let Judgment be entered accordingly.**


Date: June 10, 2026

_s/Katherine Menendez_
Katherine Menendez
United States District Judge